IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LORIA THOMAS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:05-17-CMC-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| PALMETTO MANAGEMENT ) | |
| SERVICES, ) | |
| ) | |
| Defendant . ) | |
| _____) | |

        This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. Plaintiff's Complaint, which was filed pro se, was subsequently removed to this Court by the Defendant on the basis of federal question jurisdiction. Plaintiff subsequently retained counsel, and an amended Complaint was filed on March 24, 2005. However, counsel later withdrew from the case, and Plaintiff is again now proceeding pro se.

        The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 15, 2005, one day before an order was entered granting Plaintiff's counsel's motion to withdraw as counsel in the case. A Roseboro order was then entered by the Court on September 13, 2005, advising the now pro se Plaintiff of the importance of a motion for summary judgment and of the need for her to file an adequate response. However, further discovery was ordered based on motions of the parties, and on October 19, 2005 (following a conference call with the parties), Defendant's pending motion for summary judgment was removed from the docket,

1



without prejudice. Following the conclusion of discovery, Defendant re-filed its motion for summary judgment, and on December 15, 2005 an order was issued restoring the Defendant's motion for summary judgment to the docket, with Defendant being granted fifteen (15) days to file any supplemental arguments/memorandum in support of summary judgment.

Following termination of that deadline, a second <u>Roseboro</u> order was entered granting Plaintiff thirty-four (34) days to file her response to the motion(s) for summary judgment. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on February 16, 2006, and Defendant filed a reply memorandum on February 24, 2006. The undersigned conducted an evidentiary hearing on June 14, 2006, at which Plaintiff and Defendant's counsel were both present. Plaintiff offered testimony at the hearing concerning her bankruptcy filing.[1] Following the hearing, an affidavit was also obtained from Plaintiff's bankruptcy counsel. Defendant's motion is now before the Court for disposition.[2]

**Discussion**

Plaintiff, an African American female, is a former employee of the Defendant. Plaintiff asserts federal claims for race and sex discrimination, as well as a state law claim for negligence/negligent supervision.

Defendant argues, <u>inter alia</u>, that Plaintiff should be barred by the doctrine of judicial estoppel from asserting her claims. Judicial estoppel is an equitable doctrine, and the decision

---

[1] Defendant asserts, <u>inter alia</u>, that Plaintiff's failure to disclose her claim against the Defendant in her bankruptcy filing bars her from now pursuing her claim in this lawsuit.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



whether to invoke it is therefore within the Court's discretion.  In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).  If the Court decides to exercise its discretion in this case, this case would be dismissed, obviating any need for any further analysis of Plaintiff's claims or the Defendant's grounds for summary judgment.   Therefore, the undersigned has addressed herein only the Defendant's argument for the application of judicial estoppel in this case.  If the Court declines to exercise its discretion to invoke the equitable doctrine of judicial estoppel in this case, a supplemental report and recommendation will be issued on the remainder of Defendant's arguments for summary judgment.

Defendant's argument for judicial estoppel hinges on the uncontested fact that Plaintiff previously filed two separate voluntary Chapter 13 petitions in the United States Bankruptcy Court, one on November 25, 2003 (shortly after her termination by the Defendant) and one on September 6, 2004.  See Defendant's Exhibits 1 & 7.  It is further uncontested that Plaintiff failed to list the claims asserted by her in this lawsuit as contingent and unliquidated claims in either of these two bankruptcy filings.  Defendant argues that, since Plaintiff has twice previously sworn before the Bankruptcy Court that she did not have any claims against the Defendant, or any other entity for that matter, the doctrine of judicial estoppel should be invoked to bar Plaintiff from pursuing these claims against the Defendant in this lawsuit.

The purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process by preventing parties from playing "fast and loose" with the courts to suit the "exigencies of self interest".  Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988); see also Data General Corp. v. Johnson, 78 F.3d 1556, 1565 (Fed.Cir. 1996) [doctrine of judicial estoppel is applied to prevent a party who has taken a particular position in a legal proceeding from taking



a contrary position in a subsequent proceeding]; Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 472-473 (6th Cir. 1988). This doctrine, which has been accepted in both this Circuit and this District, not only serves the purpose of preventing litigants from taking contrary positions in court filings, but also "protect[s] the essential integrity of the judicial process". Allen v. Zurich Insurance Co., 667 F.2d 1162, 1166 (4th Cir. 1982); Duplan Corp. v. Deering Milliken, Inc., 397 F.Supp. 1146, 1179 (D.S.C. 1975).

The Fourth Circuit has adopted a four prong test to determine whether judicial estoppel should be applied in a particular case. The doctrine applies where "1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position [is] one of fact instead of law; 3) the prior position [was] accepted by the court in the first proceeding; and 4) the party to be estopped [has] acted intentionally, not inadvertently." Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir. 1998); Calafiore v. Werner Enterprises, Inc., 418 F.Supp.2d 795, 796 (D.Md. 2006). In the case at bar, Plaintiff contests only the fourth prong of this four prong test. Specifically, Plaintiff argues in her memorandum in opposition to summary judgment that she "inadvertently did not disclose [these claims] to [the] Bankruptcy Court, because she simply was not aware that a lawsuit is a tangible personal asset. I, Plaintiff had no motive to conceal this information."

While the doctrine of judicial estoppel does not generally apply when a prior position was taken because of a good faith mistake or genuine inadvertence; see Ryan Operations, G.P. v Santiam-Midwest Lumber Co., et al., 81 F.3d 355, 362-363 (3d Cir. 1996); Matter of Cassidy, 892 F.2d 637, 642 (7th Cir. 1990); in the context of a bankruptcy proceeding, a debtor's failure to satisfy their statutory disclosure duty is inadvertent "only when, in general, the debtor either lacks



knowledge of the undisclosed claims or has no motive for their concealment." In re Coastal Plains, 179 F.3d at 210; Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002). Defendant points out that Plaintiff obviously knew of her claims since she filed her administrative charge of discrimination with the EEOC on February 17, 2004, and then subsequently filed this lawsuit on December 3, 2004, all without ever either first disclosing these claims, or amending her bankruptcy filings to reflect these claims at any point during the pendency of her bankruptcy actions. Hence, Plaintiff's knowledge of these undisclosed claims is readily apparent. Defendant argues that motive can also be inferred because disclosing her claims against the Defendant could have increased the amount of her assets, resulting in less favorable Chapter 13 payment plans. Further, the bankruptcy trustee might have asserted his right to intervene in her litigation had he been aware of these claims. DeLeon v. Comear Industries, Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) [holding that a financial motive to hide assets exists under Chapter 13 because the amount disclosed affects the amount to be discounted and repaid]; see Calafiore, 418 F.Supp.2d at 798 ["If [ ] undisclosed claim would have added assets to the bankruptcy estate, [the debtor] will usually be deemed to have had a motive to conceal those claims."]. See also Burns v. Bemco Aeroplex, Inc., 291 F.3d 1282, 1287 (11th Cir. 2002) [debtor's failure to satisfy its statutory disclosure duty is inadvertent only when debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment]; Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F.Supp. 859, 857 (E.D.Texas 1996) ["the debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information...prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed"].

Reviewing the facts of this case in conjunction with the applicable caselaw, the

5



undersigned finds and concludes that the doctrine of judicial estoppel should be invoked in this case to bar Plaintiff's claims in this lawsuit.  Plaintiff filed for Chapter 13 relief in the United States Bankruptcy Court for the District of South Carolina on November 25, 2003, shortly after her termination by the Defendant.  Plaintiff had a lawyer represent her for the entirety of her bankruptcy proceedings. See Defendant's Exhibit 4.  The Chapter 13 schedule of assets form specifically asked Plaintiff to report any contingent or unliquidated claims of any kind, while the statement of financial affairs form filed in her Chapter 13 cases asks Plaintiff to list all suits to which she is or was a party within one year of filing for bankruptcy.  See Defendant's Exhibit 8.  Plaintiff reported nothing on these forms. Plaintiff then filed a charge of discrimination against the Defendant with the EEOC on February 17, 2004 [Defendant's Exhibit 2], prior to the dismissal of her first bankruptcy petition on July 14, 2004.  Plaintiff never amended her bankruptcy filings to reflect this claim. Burns, 291 F.3d at 1286 ["The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."]. Plaintiff thereafter filed a second Chapter 13 petition on September 6, 2004, in which she again made the same financial declarations as she had previously, and even though she filed the lawsuit at bar on December 3, 2004 in the Court of Common Pleas for Richland County, she never amended her Chapter 13 schedule of assets or statement of financial affairs to include her lawsuit against the Defendant. See Defendant's Exhibits 7 & 9.  The importance of these disclosure forms and declarations in a bankruptcy proceeding is manifest, as was noted by the Eleventh Circuit in Burns:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7).  The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if

6



circumstances change. See Coastal Plains, 179 F.3d at 208. Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system." Ryan Operations [81 F.3d at 362]. For example, creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy courts also rely on the accuracy of the disclosure statements when considering whether to approve a no asset discharge. Accordingly, "the importance of a full and honest disclosure cannot be overstated." Id.

Burns, 291 F.3d at 1286.

At the evidentiary hearing, Plaintiff testified that she didn't really understand what a "contingent liability" was, but conceded that she had reviewed the bankruptcy documents with her attorney. For her second filing, counsel asked her if anything had changed. Although she by that time had an EEOC claim pending, she did not advise counsel of this claim nor did she list it on the section of the disclosure form which asks the debtor to list all "suits and administrative proceedings," even though she did list a foreclosure action. Plaintiff testified that she reviewed this document. Thereafter, when she subsequently filed this lawsuit, she again did not advise her bankruptcy counsel.

In sum, the record in this case reflects that Plaintiff is advancing an assertion in this lawsuit that is inconsistent with a position taken during previous litigation, that her position is one of fact instead of law, that her prior position was accepted by the Court in the first proceeding, and that she has acted intentionally, not inadvertently. Folio, 134 F.3d at 1217.[3] While Plaintiff may argue that the Defendant has suffered no real harm as a result of her failure to disclose these claims

---

[3] Note the contrast between the facts in this case and those presented in In Re; Free, 2001 WL 1806033 (Bankr. D.S.C. June 6, 2001), and similar cases. In Free, the Court did not invoke the doctrine of judicial estoppel where the claim at issue was not asserted by the debtor until *after* the bankruptcy case had been closed, and where the debtor had then sought to re-open the bankruptcy case to include the claim. By contrast, the Plaintiff here has not sought to re-open her bankruptcy case so as to include this claim, and, even more significantly, Plaintiff was pursuing the claim at issue simultaneously with her bankruptcy case, in which it had not been disclosed.

7



in her bankruptcy proceeding, because the doctrine of judicial estoppel "is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." In re Coastal Plains, 179 F.3d at 205; see Matter of Cassidy, 892 F.2d at 641 & n. 2; Burns, 291 F.3d at 1286 ["since the doctrine is intended to protect the judicial system, those asserting judicial estoppel need not demonstrate individual prejudice"]; Ryan Operations, 81 F.3d at 360 [detrimental reliance is not required in judicial estoppel cases]. Therefore, application of the doctrine in this case is appropriate. Allen, 667 F.2d at 1166 [court should invoke the doctrine of judicial estoppel where necessary to protect the essential integrity of the judicial process]; Burns, 291 F.3d at 1282 [applying judicial estoppel to grant summary judgment to defendant in employment case]; Chandler v. Samford University, 35 F.Supp.2d 861 (N.D. Ala. 1999) [Plaintiff estopped from asserting employment discrimination claims against employer because of failure to disclose claim in bankruptcy proceedings]; *cf.* Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 603 (9th Cir. 1996) (citing Guinness PLC v. Ward, 955 F.2d 875, 899 n. 20 (4th Cir. 1992).

## Conclusion

Based on the foregoing, it is the recommendation of the undersigned that the Court exercise its discretion to invoke the doctrine of judicial estoppel in this case. To the extent Defendant seeks relief under this doctrine in its motion for summary judgment, the motion should be **granted**,

8



and this case should be **dismissed**, with prejudice.

        The parties are referred to the Notice Page attached hereto.

                                                                                               _____

                                                                                               Bristow Marchant
                                                                                               United States Magistrate Judge

Columbia, South Carolina
August 3, 2006



9

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201
