IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Loria Thomas, | ) | C/A NO. 3:05-17-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Palmetto Management Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging violations of state and federal law.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e) and (g), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On August 3, 2006, the Magistrate Judge issued a Report recommending that the complaint be dismissed pursuant to the doctrine of judicial estoppel. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff filed objections on August 22, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff contends in her objections that she failed to amend her bankruptcy petitions because "[i]t was disclosed in the lawsuit for the United States District Court to involve the Bankruptcy Court and [r]eview the bankruptcy petition as part of my lawsuit and that I had no motive or have not intentionally [m]isled any court to gain advantage." Objections at 2 (Dkt. # 45, filed Aug. 22, 2006). This objection is legally insufficient to overcome the recommendations contained in the Report.

Plaintiff's complaint is barred by judicial estoppel. Therefore, Plaintiff's complaint is dismissed with prejudice. Defendant's motion for summary judgment filed August 15, 2005, is hereby **granted**. Defendant's motion for summary judgment filed December 14, 2005, is **moot.**

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 11, 2006

C:\temp\notesB0AA3C\05-17 Thomas v. Palmetto Management e adopting rr res judicata.wpd